Lynna R. CANTU and Roberto J. Cortez, Appellants,

v.

John K. HORANY and John K. Horany, P.C., Appellees.

No. 05–05–00879–CV.

Court of Appeals of Texas, Dallas.

June 30, 2006.

Jay Harvey, Winckler & Harvey, L.L.P., Austin, for Appellant.

Russell R. Barton, Roland K. Johnson, Harris, Finley & Bogle, P.C., Fort Worth, for Appellee.

Before Justices MORRIS, O'NEILL, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

Lynna R. Cantu[1] and Roberto J. Cortez appeal the trial court's final summary judgment granting John K. Horany and John K. Horany, P.C.'s motion for no-evidence summary judgment.

Cantu and Cortez raise four issues arguing the trial court erred when it (1) denied their motion to designate experts late; (2) denied their motion to reconsider their motion to designate experts late; (3) imposed an excessive sanction when it refused to permit them to designate experts late; and (4) granted Horany's motion for no-evidence summary judgment.

We conclude the trial court did not err when it granted no-evidence summary judgment in favor of Horany. The trial court's final summary judgment is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Cantu and Cortez sued Horany for negligence or legal malpractice alleging he failed to fully investigate the cause of their son's death, to name all responsible medical or nursing providers in the underlying lawsuit, and to timely file a petition against the medical or nursing providers to prevent the statute of limitations from running. Horany answered the lawsuit, generally denying the allegations.[2]

Horany filed a motion for no-evidence summary judgment claiming there was no evidence to establish his actions breached the duty he owed to Cantu and Cortez, that the breach proximately caused Cantu and Cortez's injuries, and that damages occurred. In response, Cantu and Cortez (1) supplemented their disclosures to designate Jim M. Perdue, Jr., as a testifying expert on legal malpractice issues, and several medical experts, including A. Dean Cromartie, M.D. who was the medical expert used by Horany in the underlying lawsuit and (2) moved for an amended scheduling order. Horany responded that Cantu and Cortez knew expert testimony was required to prosecute their claims, had ample time to locate and designate experts, and failed to include expert reports as required by the agreed scheduling order. Also, Horany objected to any amendment of the agreed scheduling order. After a hearing on Cantu and Cortez's motion for leave to designate experts late and to amend the scheduling order, the trial court denied their request.

---

1. The reporter's record also refers to Cantu as "Lynn A. Cantu."

2. Horany later amended his answer to include several affirmative defenses.

After the trial court denied their motion for leave to designate experts late, Cantu and Cortez filed their response to Horany's motion for no-evidence summary judgment. Attached to their response was the deposition testimony and affidavit of Dr. Cromartie and the affidavit of Perdue. In their response to Horany's motion for summary judgment, Cantu and Cortez argued their summary judgment evidence raised issues of material fact regarding (1) Horany's breach of duty because Perdue's affidavit established that the standard of care of an attorney was to fully investigate all responsible parties and to evaluate who should be included in the lawsuit, and Dr. Cromartie's testimony claimed Horany limited his review to the conduct of the doctor; (2) whether Horany's breach proximately caused Cantu and Cortez's injuries because, when Horany limited Dr. Cromartie's evaluation to the conduct of the doctor, a lawsuit was not developed against the hospital and no recovery was obtained; and (3) damages because all responsible persons were not investigated and sued so Cantu and Cortez did not recover for the death of their son and the statute of limitations ran on their claims against the hospital.

Cantu and Cortez sought reconsideration of their motion for designation of experts late. Meanwhile, Horany objected to (1) Dr. Cromartie's deposition testimony because it was inadmissible hearsay and Dr. Cromartie was not timely designated as an expert witness; (2) Dr. Cromartie's affidavit because it was based on inadmissible hearsay, it was conclusory, it was based on documents not properly attached to the affidavit or included in the summary judgment evidence, and he was not timely designated as an expert witness; and (3) Perdue's affidavit because he was not timely designated as an expert witness, it was based on inadmissible hearsay, and it was conclusory. After a hearing, the trial court granted Cantu and Cortez's motion to designate Perdue as an expert but denied their motion as to all other experts. Also, the trial court sustained Horany's objections to Cantu and Cortez's summary judgment evidence but overruled Horany's objection to Perdue's affidavit because he was not timely designated as an expert witness. Further, the trial court granted no-evidence summary judgment in favor of Horany and denied all other relief requested.

## II. MOTION TO STRIKE

As a preliminary matter, Horany has moved to strike the documents appended to Cantu and Cortez's brief because those documents are outside of the appellate record. Cantu and Cortez did not respond to Horany's motion to strike.

■ Texas Rule of Appellate Procedure 38.1(f) requires appellate briefs to contain a statement of facts that is supported by record references. *See* Tex.R.App. P. 38.1(f); *Burke v. Ins. Auto Auctions,* 169 S.W.3d 771, 775 (Tex.App.-Dallas 2005, pet. denied). An appellate court cannot consider documents cited in a brief and attached as appendices if they are not formally included in the record on appeal. *See Burke,* 169 S.W.3d at 775; *Green v. Kaposta,* 152 S.W.3d 839, 841 (Tex.App.-Dallas 2005, no pet.).

Throughout their statement of facts, Cantu and Cortez cite to documents in their appendices that are not included in the appellate record. The Court cannot consider documents that are not properly included in the appellate record. *See Burke,* 169 S.W.3d at 775; *Green,* 152 S.W.3d at 841. Horany's motion to strike is granted to the extent it requests the Court to disregard evidence that was not before the trial court.

## III. NO–EVIDENCE SUMMARY JUDGMENT

In their fourth issue, Cantu and Cortez argue the trial court erred when it granted Horany's motion for no-evidence summary judgment because (1) the trial court abused its discretion when it sustained Horany's objections to the affidavits of Perdue and Dr. Cromartie and (2) the affidavits of Perdue and Dr. Cromartie raise an issue of material fact precluding summary judgment.

### A. Objections to the Affidavits of Perdue and Dr. Cromartie

Cantu and Cortez contend the trial court erred when it sustained Horany's objections to the affidavits of Perdue and Dr. Cromartie. Horany responds that Perdue's affidavit contains conclusory and speculative statements and was based on the assumption of an unproven fact and Dr. Cromartie's affidavit was based on documents that were not attached to the affidavit or otherwise in the summary judgment evidence and he was not properly designated as an expert witness.

### 1. Standard of Review

■■■ An appellate court reviews a trial court's ruling that sustains an objection to summary judgment evidence for an abuse of discretion. *See Cruikshank v. Consumer Direct Mortgage, Inc.*, 138 S.W.3d 497, 499 (Tex.App.-Houston [14th Dist.] 2004, pet. denied) (citing *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex.1995)). An appellant has the burden to bring forth a record that is sufficient to show the trial court abused its discretion when it sustained the appellee's objections to the summary judgment evidence. *See id.*

### 2. Applicable Law

■■■ As a prerequisite to presenting a complaint for appellate review, the record must show the complaint was made to the trial court by a timely request, objection, or motion. *See* TEX.R.APP. P. 33.1(a). A party whose summary judgment evidence was excluded may not argue on appeal any and every new issue he can think of nor may he resurrect issues he abandoned at the hearing. *See Cruikshank*, 138 S.W.3d at 499. When a party fails to object to the trial court's ruling that sustains an objection to his summary judgment evidence, he has not preserved the right to complain on appeal about the trial court's ruling. *See Brooks v. Sherry Lane Nat'l Bank*, 788 S.W.2d 874, 878 (Tex.App.-Dallas 1990, no writ); *Community Initiatives, Inc. v. Chase Bank of Texas*, 153 S.W.3d 270, 281 (Tex.App.-El Paso 2004, no pet.). Even if the objections appear meritorious on appeal, they are not preserved for appellate review if the record does not show the complaint was made to the trial court. *See Cruikshank*, 138 S.W.3d at 500. Further, when an appellee urges several objections to a particular piece of evidence and, on appeal, the appellant complains of its exclusion on only one of those bases, the appellant has waived that issue for appeal because he has not challenged all possible grounds for the trial court's ruling that sustained the objection. *See Malone v. Foster*, 956 S.W.2d 573, 579 (Tex.App.-Dallas 1997), *affirmed on other grounds*, 977 S.W.2d 562 (Tex.1998).

### 3. Application of the Law to the Facts

■■■ Horany objected to Dr. Cromartie's affidavit because it was based on inadmissible hearsay, it was conclusory, it was based on documents not properly attached to the affidavit or included in the summary judgment evidence, and he was not timely designated as an expert witness. Cantu and Cortez did not file a written response to Horany's objections to Dr. Cromartie's affidavit. *See Cruikshank*, 138 S.W.3d at

499–500. During the hearing on the motion for summary judgment, Cantu and Cortez did not respond to Horany's objections to Dr. Cromartie's affidavit; however, they did respond to Horany's objections to Perdue's affidavit. The trial court sustained all of Horany's objections to Dr. Cromartie's affidavit. Also, there is nothing in the record to show Cantu and Cortez filed a motion for reconsideration of the trial court's decision to sustain Horany's objections to Dr. Cromartie's affidavit. They only sought reconsideration of the trial court's ruling denying their motion to designate experts late. Further, Cantu and Cortez argue on appeal that the trial court erred when it sustained Horany's objection to Dr. Cromartie's affidavit because it was based on documents not properly attached to the affidavit or included in the summary judgment evidence.[3] They do not argue the trial court erred when it determined the affidavit was based on inadmissible hearsay.

We conclude that by failing to object to the trial court's ruling sustaining Horany's objections to Dr. Cromartie's affidavit, Cantu and Cortez waived the right on appeal to complain about the trial court's ruling that sustained those objections. *See Brooks,* 788 S.W.2d at 878. We also conclude that Cantu and Cortez waived the right to complain about the trial court's ruling that sustained Horany's objections to Dr. Cromartie's affidavit because they have not challenged all possible grounds for sustaining them. *See Malone,* 956 S.W.2d at 579. To the extent Cantu and Cortez's fourth issue argues the trial court abused its discretion when it sustained Horany's objections to Dr. Cromartie's affidavit, it is decided against them. However, Cantu and Cortez did protest Horany's

objections to Perdue's affidavit and do challenge the possible grounds for sustaining them. Accordingly, we will assume, without deciding, that the trial court erred when it sustained Horany's objections to Perdue's affidavit and review whether it raised an issue of material fact precluding summary judgment.

### B. Affidavits Raised an Issue of Material Fact

Cantu and Cortez contend the affidavits of Perdue and Dr. Cromartie raised an issue of material fact precluding summary judgment. Horany responds that the trial court properly granted his motion for summary judgment because there was no expert testimony. Based on our determination that Cantu and Cortez waived the right to complain that the trial court abused its discretion when it sustained Horany's objections to Dr. Cromartie's affidavit, we review only whether Perdue's affidavit raised an issue of material fact precluding summary judgment.

### 1. Standard of Review

After an adequate time for discovery, a party may move for summary judgment under Texas Rule of Civil Procedure 166a(i) on the ground that no evidence exists to support (1) one or more essential elements of a claim or (2) a defense which an adverse party has the burden to prove at trial. Tex.R. Civ. P. 166a(i); *Caldwell v. Curioni,* 125 S.W.3d 784, 789 (Tex.App.-Dallas 2004, pet. denied). In a no-evidence summary judgment, the movant does not bear the burden of establishing each element of his claim or defense. *Gen. Mills Rests., Inc. v. Texas Wings, Inc.,* 12 S.W.3d 827, 833 (Tex.App.-Dallas 2000, no pet.). Rather, the nonmovant assumes the

---

**3.** In issues one through three, Cantu and Cortez argue the trial court erred when it denied their motion to designate experts late and

motion for reconsideration, which excluded Dr. Cromartie's affidavit.

burden to present enough evidence to raise a genuine issue of material fact showing that he is entitled to a trial. *See id.* The trial court must grant the motion for no-evidence summary judgment unless the nonmovant produces more than a scintilla of evidence that raises a genuine issue of material fact on the challenged elements. TEX.R. CIV. P. 166a(i); *see Gen. Mills,* 12 S.W.3d at 832–33.

When reviewing a no-evidence summary judgment, an appellate court must determine whether the nonmovant produced any evidence of probative force to raise a fact issue on the material questions presented. *Gen. Mills,* 12 S.W.3d at 833. An appellate court reviews a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *See Wal–Mart Stores, Inc. v. Spates,* 186 S.W.3d 566, 568 (Tex.2006) (per curiam) (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 822 (Tex.2005)). A reviewing court views all of the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered and disregards all contrary evidence and inferences. *See Merrell Dow Pharmaceuticals v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997); *see also Gen. Mills,* 12 S.W.3d at 833. A no-evidence summary judgment is improperly granted if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *Gen. Mills,* 12 S.W.3d at 833. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow,* 953 S.W.2d at 711.

### 2. Applicable Law

A cause of action arising out of bad legal advice or improper representation is legal malpractice. *Sullivan v. Bick-*

*el & Brewer,* 943 S.W.2d 477, 481 (Tex. App.-Dallas 1995, writ denied); *Rangel v. Lapin,* 177 S.W.3d 17, 24 (Tex.App.-Houston [1st Dist.] 2005, pet. denied). A legal malpractice action is based on negligence and requires proof of four elements: (1) the attorney owed the plaintiff a duty; (2) the attorney breached that duty; (3) the breach proximately caused the plaintiff's injuries; and (4) damages occurred. *See Alexander v. Turtur & Assocs., Inc.,* 146 S.W.3d 113, 117 (Tex.2004); *Peeler v. Hughes & Luce,* 909 S.W.2d 494, 496 (Tex. 1995).

In a legal malpractice action, a plaintiff is required to prove that the attorney's breach proximately caused his injuries. If the legal malpractice case arises from prior litigation, the plaintiff must prove that "but for" the attorney's breach of his duty, the plaintiff would have prevailed in the underlying case. *Rangel,* 177 S.W.3d at 22. To meet this burden, the plaintiff is required to present evidence explaining the legal significance of the attorney's alleged failure and the impact this failure had on the underlying action. *See Indus. Clearinghouse, Inc. v. Jackson Walker, L.L.P.,* 162 S.W.3d 384, 388 (Tex. App.-Dallas 2005, pet. denied). In Texas, a plaintiff in a legal malpractice suit is required to present expert testimony regarding causation and the standard of skill and care ordinarily exercised by an attorney. *See Alexander,* 146 S.W.3d at 119–20; *Ersek v. Davis & Davis, P.C.,* 69 S.W.3d 268, 271 (Tex.App.-Austin 2002, pet. denied). Further, at times, an attorney's expert testimony alone is not sufficient to establish causation. *See Allbritton v. Gillespie, Rozen, Tanner & Watsky, P.C.,* 180 S.W.3d 889, 894 (Tex.App.-Dallas 2005, pet. denied) (op. on reh'g); *Rangel,* 177 S.W.3d at 22.

### 3. Application of the Law to the Facts

█ Cantu and Cortez's legal malpractice claim required expert testimony to show that Horany breached the standard of care when he failed to sue all of the responsible medical and nursing providers and that they would have prevailed in the underlying medical malpractice suit against some of the responsible medical and nursing providers had the suit been brought. Perdue's affidavit provided legal expert testimony showing that Horany breached the standard of care when he failed to sue some of the responsible medical and nursing providers and stated that "[Cantu and Cortez] would have had a more likely than not probability of success in a trial or in settlement of the case against all [of the responsible medical and nursing providers]." However, Perdue's affidavit alone was not sufficient to establish causation because, without Dr. Cromartie's affidavit or deposition testimony,[4] Cantu and Cortez did not have any medical expert testimony to show that they would have prevailed in the underlying medical malpractice action if a suit had been brought against some of the responsible medical and nursing providers. *See Rangel,* 177 S.W.3d at 22–23 (offered legal expert, but failed to present engineering, medical, or biomechanics expert testimony to show he would have prevailed in underlying products liability action).

We conclude Cantu and Cortez failed to raise more than a scintilla of evidence to prove they would have prevailed in the underlying medical malpractice suit against some of the responsible medical and nursing providers. Accordingly, they failed to establish that Horany committed legal malpractice when he failed to bring a medical malpractice claim against some of the responsible medical and nursing providers. To the extent Cantu and Cortez's fourth issue argues Perdue's affidavit raised an issue of material fact precluding summary judgment, it is decided against them. Based on our resolution of Cantu and Cortez's fourth issue, we need not address issues one through three.

### IV. CONCLUSION

The trial court did not err when it granted no-evidence summary judgment in favor of Horany. The trial court's final summary judgment is affirmed.

---

**4.** Cantu and Cortez do not challenge the trial court's order sustaining Horany's objections to Dr. Cromartie's deposition testimony.