**G.M. HOUSER, INC. d/b/a Houser Concrete Company and its Successors G.M. Houser, Ltd., and Houser Materials, L.L.C., Appellant,**

v.

**David E. RODGERS and Kim Rodgers, Appellee.**

No. 05–05–01330–CV.

Court of Appeals of Texas, Dallas.

Aug. 10, 2007.

Rehearing Overruled Sept. 29, 2009.

Charles Wade Arnold, Ryan Logan Valdez, Cantey & Hanger, L.L.P., Fort Worth, for Appellant.

D. Craig Brinker, James Giries, Henslee Fowler Hepworth & Schwartz, LLP, Dallas, for Appellee.

Before Justices WHITTINGTON, BRIDGES, and LANG.

## OPINION

Opinion by Justice BRIDGES.

G.M. Houser, Inc. d/b/a Houser Concrete Company and its successors G.M. Houser, Ltd. and Houser Materials, L.L.C. (Houser) appeals the trial court's judgment in favor of David E. Rodgers and Kim Rodgers. In two issues, Houser argues the trial court erred in denying its motion for summary judgment and in submitting a negligence per se instruction to the jury. We affirm the trial court's judgment.

While driving a Houser concrete truck, David Rodgers, a Houser employee, was involved in a single-vehicle accident. Rodgers lost control of the truck, which rolled and landed in a ditch. Rodgers sued Houser, alleging the accident resulted from Houser's negligence in allowing the truck to remain in operation with a defective tire. Houser filed a motion for summary judgment. However, the record contains no ruling on the motion for summary judgment, and the case proceeded to a jury trial. The jury found in favor of David and Kim Rodgers, and this appeal followed.

In its first issue, Houser argues the trial court erred in overruling its motion for summary judgment. Specifically, Houser reiterates its argument, raised in its motion for summary judgment, that the Rodgers are estopped from claiming the underlying lawsuit had any value over $0.00 because that was the value stated in a separate bankruptcy proceeding. An appeal may be had only from final orders or judgments. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992). As a prerequisite to presenting a complaint for appellate review, the record must show the trial court ruled on the motion either expressly or implicitly or refused to rule on the motion and the complaining party objected to the refusal. Tex.R.App. P. 33.1(a)(2).

Here, the record contains no order denying Houser's motion for summary judgment. There is no record that Houser objected to the denial of its motion for summary judgment. Although Houser's first issue focuses exclusively on the denial of its motion for summary judgment, Houser provides no citation to the record showing that the trial court ever ruled on its motion. Therefore, we conclude Houser's first issue presents nothing for our review. *See Anglin*, 842 S.W.2d at 272; Tex.R.App. P. 33.1(a)(2).

In its second issue, Houser argues the trial court erred in submitting an in-

struction on negligence per se. Specifically, Houser argues the Department of Transportation regulation (the regulation) concerning tire groove depth fails to put the public on notice of the required conduct, imposes liability without fault, and has never been adopted by a court as defining a specific standard of care. At trial, Houser objected to the liability question on the basis that the regulation did not constitute or support submission of negligence per se and that it would be subsumed within ordinary care or negligence. Houser's objection was overruled. Houser did not object to the submission of a negligence per se instruction on the bases raised on appeal. Accordingly, Houser has waived this issue. *Cantu v. Horany,* 195 S.W.3d 867, 871 (Tex.App.-Dallas 2006, no pet.) (even if objections appear meritorious on appeal, they are not preserved for appellate review if record does not show complaint made to trial court). We need not further address Houser's second issue.

We affirm the trial court's judgment.