ACCEPTED
03-13-00077-CV
4362192
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/4/2015 9:40:58 AM
JEFFREY D. KYLE
CLERK

# NO. 03-13-00077-CV

IN THE COURT OF APPEALS, THIRD DISTRICT

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/4/2015 9:40:58 AM
JEFFREY D. KYLE
Clerk

**TEXAS STATE BOARD OF EXAMINERS OF MARRIAGE AND FAMILY THERAPISTS, Charles Horton as Executive Director, and Sandra Desobe, as Presiding Officer, and TEXAS ASSOCIATION OF MARRIAGE AND FAMILY THERAPY,**

*Appellants/ Cross Appellees*

**Vs.**

**TEXAS MEDICAL ASSOCIATION**

*Appellee/ Cross-Appellant*

---

**APPELLEE TEXAS MEDICAL ASSOCIATION'S OPPOSED MOTION TO REJECT AND RETURN AMICUS BRIEF FILED BY THE ASSOCIATION OF MARITAL AND FAMILY REGULATORY BOARDS**

---

David F. Bragg
State Bar No. 02857300
Law Office of David F. Bragg, P.C.
P. O. Box 2047
Bastrop, Texas 78602
Telephone: (512) 581-0061
Telecopier: (512) 581-0247
Email: dfbragg@sbcglobal.net
*Counsel for TMA*

TO THE HONORABLE COURT OF APPEALS:

Texas Medical Association, Appellee, respectfully requests that the Court not consider the Amicus Brief filed by the Association of Marital and Family Regulatory Boards (hereinafter "AMFTRB") and order that it be returned.

## 1. Authority for Request

This request is made pursuant to Tex. R. App. P. 11 which provides that "for good cause" the Court may refuse to consider an amicus brief and order that it be returned.

## 2. Objections to Amicus Brief

Appellee objects to two parts of the Amicus Brief. First, the brief contains what can only be described as an incredibly unfair attack on the character of Priscilla Ray, M.D., an expert witness. The brief not only challenges Dr. Ray's ethics, *see* Amicus Brief, pp. 25-27, it also attaches as appendices documents purportedly from the Texas Medical Board, *see* Appendices B, C. None of this "evidence" is in the appellate record. Had this attack been made in the district court, Dr. Ray would have been in a position to defend herself, and the district court would have had the opportunity to weigh the merits, if any, of the allegations concerning Dr. Ray's expertise and her opinions.

Appellee also objects to those parts of the amicus brief which inject evidence into the case that was not presented to the district court and which is not

in the record. Specifically, the Amicus Brief discusses the alleged economic impact of preventing a therapist from performing diagnostic assessments, *see* Amicus Brief, p. 5; and (2) describes in detail AMFTRB's Test Policy and testing requirements. *See* Amicus Brief, pp. 9-11. In addition, the Amicus Brief includes an affidavit which contains the same information. *See* Amicus Brief, Appendix A. Again, none of this evidence is in the appellate record.

### 3. Good Cause for Refusal to Consider

Appellee reluctantly makes this request that the amicus brief not be considered and that it be returned because Appellee is fully aware of the important function that an amicus brief can serve, so much so that appellate courts sometimes solicit such briefs. *See e.g. Brown v. De La Cruz,* 156 S.W.3d 560, 566 (Tex. 2004); *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 30 (Tex. 2003). Even so, an amicus brief must comply with the same briefing rules that apply to the parties. Tex. R. App. P. 11(a). The Amicus Brief violates the fundamental briefing rule that facts stated in a brief must be supported by record references. Tex. R. App. 38.1(g). Of course it is not possible for AMFTRB to give record references concerning the alleged economic impact on therapists, its Test Policy and testing requirements, or its attack on Dr. Ray's character because there is nothing in the record about any of it. The Appendix for the Amicus Brief also violates the rule that documents cannot be attached as an appendix if the

3

documents are not formally included in the record on appeal. *Cantu v. Horany*, 195 S.W.3d 867, 870 (Tex. App. – Dallas 2006, no pet.) ("An appellate court cannot consider documents cited in a brief and attached as appendices if they are not formally included in the record on appeal."). For all of these reasons, Appellee believes that there is good cause to grant the relief requested.

## 4. Certificate of Conference

The undersigned has conferred with opposing counsel and this motion is **opposed** by the Texas State Board of Marriage and Family Therapists and the Texas Association of Marriage and Family Therapy.

## 5. Request for Relief

Appellee requests that the Court give no consideration to the Amicus Brief filed by AMFTRB and that the brief be returned. Appellee requests such other relief to which it may be entitled.

Respectfully submitted,

**LAW OFFICES OF DAVID F. BRAGG**
David F. Bragg, P.C.
P. O. Box 2047
Bastrop, Texas 78602
Telephone: 512-581-0061
Telecopier: 512-581-0245
Email: dfbragg@sbcglobal.net


By  */s/ David F. Bragg*
        David F. Bragg
        State Bar No. 02857300

4

*Of Counsel*:

Donald P. Wilcox
General Counsel, TMA
State Bar No. 21449000
Kelly Walla
Deputy General Counsel, TMA
State Bar No. 24028201
Texas Medical Association
401 West 15th Street
Austin, Texas 78701
(512) 370-1300
FAX: (512) 370-1636


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Appellee's Motion was served electronically on all counsel of record through the Tex.gov portal using eFile.TXcourts.gov, an Electronic Filing Service Provider, on this 4th day of March, 2015.

*Attorneys served*:

Mr. Dustin M. Howell
Assistant Solicitor General
P. O. Box 12548
Austin, Texas 78711-2548

Mr. David T. Arlington
Mr. Matt Wood
Baker Botts LLP
98 San Jacinto Blvd., Suite 1600
Austin, Texas 78701-4039

Steven T. Peluso
The Law Office of Steven T. Peluso, Esq.
1133 Broadway, Suite 304
New York, New York 10010

/s/ *David F. Bragg*_____
DAVID F. BRAGG