**Opinion filed August 30, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00249-CV
_____

## JUSTIN SMITH AND RICHARD HEREDIA, Appellants

## V.

## DIRECTRU ASSETS MANAGEMENT, LLC, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-16-07-0672-CV**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment in favor of Appellee, Directru Assets Management, LLC (Directru Assets), and against Appellants, Justin Smith and Richard Heredia. In one issue, Appellants contend that the trial court erred when it granted summary judgment. Specifically, Appellants argue that the evidence attached to Directru Assets' combined motion for summary judgment was sufficient evidence to raise a genuine issue of material fact. Because we conclude that

Appellants failed to produce that evidence for the trial court's consideration, we affirm the trial court's judgment.

## *Background Facts*

Appellants sued Directru Assets for negligence and trespass. After adequate time for discovery, Directru Assets filed a combined traditional and no-evidence motion for summary judgment. In relevant part, Directru Assets argued that there was no evidence on any of the elements of Appellants' negligence and trespass claims.

In response to Directru Assets' combined motion, Appellants produced several pieces of evidence, which they argued to the trial court raised a genuine issue of material fact and precluded summary judgment. Directru Assets filed its objections to the evidence. After a hearing on the objections, the trial court issued an order in which it sustained Directru Assets' objections and struck Appellants' responsive evidence for all purposes. The record does not show that Appellants later produced any other evidence.

After a hearing on Directru Assets' combined motion, the trial court granted Directru Assets' traditional and no-evidence motion for summary judgment. The trial court also rendered final judgment in favor of Directru Assets. In doing so, the trial court ordered that Appellants take nothing against Directru Assets and dismissed all of their claims against Directru Assets with prejudice. This appeal followed.

## *Analysis*

Appellants bring one issue on appeal. In their issue, Appellants contend that the trial court erred when it granted summary judgment "because there was sufficient evidence to meet [their] burden of proof." We disagree.

We review grants of summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). In our review, we take as true all evidence favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

When a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the nonmovant fails to meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Thus, we first review each claim under the no-evidence standard. Any claims that survive the no-evidence review will then be reviewed under the traditional standard.

To defeat a no-evidence motion, the nonmovant must produce evidence raising a genuine issue of material fact as to the challenged elements. TEX. R. CIV. P. 166a(i). A genuine issue of material fact exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)). The evidence does not create an issue of material fact if it is "so weak as to do no more than create a mere surmise or suspicion" that the fact exists. *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014) (quoting *Ridgway*, 135 S.W.3d at 601).

In its no-evidence motion, Directru Assets properly asserted, among other things, that there was no evidence on any of the elements of Appellants' negligence and trespass claims. To defeat this motion, Appellants were required to produce evidence that raised a genuine issue of material fact on the challenged elements. *See* TEX. R. CIV. P. 166a(i). Appellants, however, failed to meet this burden.

3

At trial, the trial court struck, for all purposes, the evidence Appellants initially produced in response to Directru Assets' motion for summary judgment. Appellants do not challenge the trial court's evidentiary rulings on that evidence on appeal, and they do not rely on this evidence to overturn the summary judgment. *See generally Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 572 (Tex. App.—Amarillo 2013, pet. denied) ("When a party fails to object to the trial court's ruling that sustains an objection to his summary judgment evidence, he has not preserved the right to complain on appeal about the trial court's ruling." (quoting *Cantu v. Horany*, 195 S.W.3d 867, 871 (Tex. App.—Dallas 2006, no pet.))). Moreover, the record does not show that Appellants produced any other evidence in response to Directru Assets' motion for summary judgment.

On appeal, to show that a genuine issue of material fact existed, Appellants point to evidence that was attached to Directru Assets' combined motion for summary judgment. According to Appellants, this evidence was sufficient to meet their burden of production to preclude summary judgment. We disagree.

Appellants did not advise the trial court in its summary judgment reply that it was relying on evidence attached to Directru Assets' combined motion for summary judgment to defeat the no-evidence motion for summary judgment. Appellants may not point to such evidence, for the first time on appeal, to raise a genuine issue of material fact. *See B.C. v. Steak N Shake Operations, Inc.*, 532 S.W.3d 547, 551 (Tex. App.—Dallas 2017, pet. filed). Although the nonmovant may not be required to resubmit the evidence already proffered by the movant at trial, the nonmovant must, at a minimum, file a timely response identifying the portions of the movant's evidence that the nonmovant is relying on to show that fact issues exist. *See id.*

Here, Appellants failed to identify such evidence for the trial court's consideration. Because Appellants failed to produce evidence raising a genuine

issue of material fact on all of the challenged elements, we conclude that the trial court did not err when it granted Directru Assets' motion for summary judgment. Accordingly, we overrule Appellants' sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


KEITH STRETCHER

JUSTICE


August 30, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.