# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00366-CV

**Rhonda Yvonne Davila, Appellant**

**v.**

**Texas Mutual Insurance Company, Appellee**

---

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-000354, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Rhonda Yvonne Davila, pro se, filed a suit for judicial review of a final decision of the Texas Department of Insurance, Division of Workers' Compensation (DWC). Appellee Texas Mutual Insurance Company is the workers' compensation carrier of Davila's employer. Texas Mutual filed a no-evidence motion for summary judgment, which the trial court granted after sustaining Texas Mutual's objections to Davila's summary-judgment evidence. We will affirm the trial court's summary judgment.

## BACKGROUND

In April 2016 Davila sustained a compensable work-related injury. Texas Mutual accepted liability for her injury, but a dispute arose between the parties concerning the extent of her compensable injury (i.e., whether it includes lumbar sprain/strain), the date on which she reached maximum medical improvement (MMI), and her impairment rating. Davila initiated the mandatory dispute-resolution process at the DWC. *See* Tex. Lab. Code §§ 408.001(a) ("Recovery

of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee."), 413.031 (providing procedures for resolution of medical disputes involving workers' compensation).

After a contested-case hearing, the administrative law judge (ALJ) issued a decision and order finding that Davila's compensable injury did not extend to or include lumbar sprain/strain and that she reached MMI on May 19, 2016 with a 0% impairment rating. Davila appealed the ALJ's order to the DWC Appeals Panel, which affirmed the ALJ's decision. *See id.* § 410.202 (providing for appeal of ALJ's decision to Appeals Panel). Davila then filed this suit for judicial review specifically challenging the DWC's findings on all three disputed issues. *See id.* § 410.251 (providing for judicial review of decision of DWC Appeals Panel).

Texas Mutual filed a no-evidence summary-judgment motion. Davila filed a response, attaching several exhibits (A through J) as evidence, much of which appears to be excerpts from the administrative hearing. Texas Mutual filed objections to all of Davila's exhibits and a motion to strike them, raising several grounds: lack of proper authentication and predicate; hearsay; and failure to meet the "producing cause standard" of causation. Davila did not file a response to Texas Mutual's objections and motion to strike. At the hearing on the motion to strike and motion for summary judgment, Davila argued that the documents comprising her evidence were "authenticated" because they had stamps at the bottom denoting they had been admitted as exhibits at the administrative hearing. The trial court responded, "because these [documents] were admitted in that administrative hearing does not mean they are authenticated for purposes of Summary Judgment evidence." Davila's only response was that,

2

contrary to Texas Mutual's contention that she had "no evidence" to support her claims, she had "tons of evidence." Davila did not otherwise respond to Texas Mutual's evidentiary objections.

In separate orders rendered after the hearing, the trial court (1) sustained all of Texas Mutual's evidentiary objections without stating the basis of its ruling and struck all of Davila's summary-judgment evidence from the record, and (2) granted Texas Mutual's summary-judgment motion.

## DISCUSSION

On appeal, Davila contends that (1) the trial court abused its discretion in excluding all of her summary-judgment evidence, and (2) the evidence was legally insufficient to support the trial court's summary judgment. Although we review the trial court's summary judgment de novo, *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005), we review its decision to exclude evidence in a summary-judgment proceeding for an abuse of discretion—i.e., whether the trial court acted without reference to any guiding rules and principles, *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017) (per curiam).

In reviewing the grant of summary judgment, the scope of our review is limited to the summary-judgment record upon which the trial court's ruling was based. *See Dees v. Thomas*, No. 03-18-00372-CV, 2019 WL 2847438, at *4 (Tex. App.—Austin July 3, 2019, no pet.) (mem. op.). In determining what constitutes the summary-judgment record, we begin with Davila's first issue regarding the trial court's excluding her evidence. As relevant here, Texas Mutual made the following three objections to Davila's summary-judgment evidence: (1) "Texas Mutual objects to Exhibits A through J on the ground that they have not been properly authenticated," (2) "Exhibits A through J, as outlined below, contain hearsay statements and hearsay within

3

hearsay," and (3) "Texas Mutual objects to Davila's Exhibits A through J because they do not meet the producing cause standard [citations omitted]."

Davila did not file a written response to Texas Mutual's objections; object to the trial court's ruling; request the trial court to reconsider its decision to strike her exhibits; or request an opportunity to amend her summary-judgment response via a motion for new trial, for rehearing, or to set aside the judgment. Now, for the first time in briefing before this Court, Davila asserts that the trial court "erred by omitting all [of her] exhibits," "err[ed] in excluding critical evidence," "excluded all of [her] exhibits not just the ones containing hearsay," and that Texas Mutual "is objecting to its own self by stating the Decision and Order of the Division contain hearsay." Other than this vague reference to hearsay, her brief contains no contention or supporting argument and authority that any of the three bases that Texas Mutual asserted for exclusion of her evidence are without merit.

As a prerequisite to presenting a complaint for appellate review, the record must show the complaint was made to the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1(a). When a court excludes summary-judgment evidence, a party may not argue "any and every new issue" she can think of on appeal. *Cantu v. Horany*, 195 S.W.3d 867, 871 (Tex. App.—Dallas 2006, no pet.) (citing *Cruikshank v. Consumer Direct Mortg., Inc.*, 138 S.W.3d 497, 499 (Tex. App.—Houston [14th Dist.] 2004, pet. denied)); *see Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 568 (Tex. App.—Amarillo 2013, pet. denied). By failing to raise complaints as to the merits of the trial court's rulings on the objections, Davila failed to preserve error for appeal. *Dees*, 2019 WL 2847438, at *4; *see* Tex. R. App. P. 33.1(a); *Montenegro*, 419 S.W.3d at 568; *Cantu*, 195 S.W.3d at 871.

Furthermore, "when an appellee urges several objections to a particular piece of evidence and, on appeal, the appellant complains of its exclusion on only one of those bases, the appellant has waived that issue for appeal because [she] has not challenged all possible grounds for the trial court's ruling that sustained the objection." *Dees*, 2019 WL 2847438, at \*4 (quoting *Cantu*, 195 S.W.3d at 871); *see also Berryman's S. Fork, Inc. v. J. Baxter Brinkmann Int'l Corp.*, 418 S.W.3d 172, 190 (Tex. App.—Dallas 2013, pet. denied); *Gulley v. Davis*, 321 S.W.3d 213, 218 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). Read liberally, Davila's appellate contentions address only Texas Mutual's hearsay ground supporting the trial court's ruling that sustained the objections. However, she fails to address the other two objections that Texas Mutual advanced (i.e., that her exhibits were not properly authenticated and did not meet the "producing cause standard").

Because the trial court could have sustained Texas Mutual's objections on grounds other than hearsay, and Davila has not challenged all possible grounds for sustaining the objections, we conclude that she has waived any error as to the exclusion of her summary-judgment evidence. *See Dees*, 2019 WL 2847438, at \*4; *Berryman's*, 418 S.W.3d at 190; *Gulley*, 321 S.W.3d at 218; *Cantu*, 195 S.W.3d at 871. Accordingly, we must affirm the trial court's ruling sustaining Texas Mutual's objections and striking her evidence from the summary-judgment record. *See Nobility Homes of Tex., Inc. v. Shivers*, 557 S.W.2d 77, 83 (Tex. 1977) (concluding that appellate court must affirm trial court's judgment on unchallenged, independent ground of recovery); *Murray v. Grayum*, No. 03-10-00165-CV, 2011 WL 2533796, at \*1 (Tex. App.—Austin June 24, 2011, pet. denied) (mem. op.) (if appellant does not "attack all independent bases or grounds that fully support a complained-of ruling or judgment," court "must affirm the ruling or judgment on the remaining independent basis").

5

Because we must review the trial court's summary-judgment ruling on the record before it, *see Dees*, 2019 WL 2847438, at \*4—which does not include any of Davila's evidence—we must accordingly conclude that the trial court properly granted Texas Mutual's no-evidence motion. *See Town of Dish v. Atmos Energy Corp.*, 519 S.W.3d 605, 608 (Tex. 2017) (noting that after movant files no-evidence motion, burden shifts to respondent to produce some evidence raising genuine issue of material fact); *Jennings v. Bindseil*, 258 S.W.3d 190, 194 (Tex. App.—Austin 2008, no pet.) (noting that if nonmovant fails to raise issue of material fact, court must grant no-evidence motion). Because of our disposition of Davila's first issue, we need not address her second issue asserting that there is "factually insufficient evidence" to support the trial court's summary judgment.

## CONCLUSION

We affirm the trial court's order granting summary judgment for Texas Mutual.

_____

Thomas J. Baker, Justice

Before Chief Justice Rose, Justices Baker and Triana

Affirmed

Filed: March 12, 2020

6