# NO. 12-19-00262-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LINSEY ROLLINS,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *GABRIEL URIBE,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Linsey Rollins appeals the trial court's order granting summary judgment in favor of Gabriel Uribe. In a single issue, Rollins contends the trial court erred in granting summary judgment based on Uribe's objections to her summary judgment evidence. We affirm.

## BACKGROUND

On August 10, 2016, Rollins was rear-ended by another vehicle. She claims the driver refused to identify himself and requested she not call the police because he did not have a driver's license. According to Rollins, the driver claimed to be borrowing the vehicle from his boss, Uribe, and stated that Uribe would cover all damages. The driver also provided Rollins with Uribe's insurance information. Rollins claims Uribe paid for the property damage to her vehicle but refused to pay her medical bills.

In August 2018, Rollins sued Uribe and the unknown driver, John Doe.[1] In her petition, Rollins alleged the driver was negligent, Uribe committed negligent entrustment because he knew or should have known the driver was unlicensed, and both parties are liable for gross negligence.

---

[1] Rollins attempted to serve John Doe via citation at the same address as Uribe. However, it does not appear that John Doe was ever served, and he never appeared. As a result, the trial court never gained jurisdiction over John Doe and he is not a party to the suit or this appeal. *See Cockrell v. Estevez*, 737 S.W.2d 138, 140 (Tex. App.—San Antonio 1987, no writ).

On May 13, 2019, Uribe filed a no-evidence motion for summary judgment arguing that Rollins had no evidence of any of the essential elements of her claims against him.  On June 18, the trial court granted Rollins's motion for leave to file a response, ordered her response due by June 21, and stated that the motion for summary judgment would be heard by submission on June 24.  With her response, Rollins attached an affidavit and Uribe's response to requests for disclosure, which included Uribe's insurance policy for the vehicle.  On June 24, Uribe filed objections to Rollins's summary judgment evidence, arguing that her affidavit contained hearsay and inadmissible settlement negotiations.  The trial court granted the no-evidence motion for summary judgment and sustained Uribe's objections on June 27.  This appeal followed.

## SUMMARY JUDGMENT EVIDENCE

In her sole issue, Rollins argues that the trial court should not have considered Uribe's objections to her summary judgment evidence because she was not afforded time to respond.

### Standard of Review

Evidence offered in response to a motion for summary judgment must be admissible under the rules of evidence to the same extent that would be required at trial.  *See* TEX. R. CIV. P. 166a(f); *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997).  Decisions about the admissibility of evidence are left to the sound discretion of the trial court.  *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 42 (Tex. 1998).  Accordingly, we review the trial court's evidentiary rulings for abuse of discretion, which we gauge by whether the trial court acted without reference to any guiding rules or principles.  *Longoria*, 938 S.W.2d at 30.

### Analysis

In her sole issue, Rollins argues that the objections to her summary judgment evidence were made on less than reasonable notice.  Specifically, she urges that the trial court did not abide by the submission date, considered Uribe's objections which were filed on the submission date, and did not afford her an opportunity to respond.

Under Rule 166a(f) of the Texas Rules of Civil Procedure, all formal objections to summary judgment evidence must be raised in the trial court and the opposing party must be given an opportunity to amend the formal defects before the trial court rules on the motion for summary judgment.  *Cunningham v. Anglin*, No. 05-12-00039-CV, 2014 WL 3778907, at *2 (Tex. App.—Dallas July 31, 2014, pet. denied) (mem. op.); *see Webster v. Allstate Ins. Co.,* 833 S.W.2d 747,

2

749 (Tex. App.—Houston [1st Dist.] 1991, no writ.); Tex. R. Civ. P. 166a(f). Further, a trial court should not sustain objections to evidence filed on the day of the hearing without giving the other party an opportunity to amend. **Cunningham**, 2014 WL 3778907, at *2. However, the other party should ask the trial court for a continuance for time to respond to the objections. **Id.**

An appellant has the burden to bring forth a record that is sufficient to show the trial court abused its discretion when it sustained the objections to summary judgment evidence. **Cantu v. Horany,** 195 S.W.3d 867, 871 (Tex. App.—Dallas 2006, no pet.). As a prerequisite to presenting a complaint for appellate review, the record must show the complaint was made to the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1(a); **Cantu,** 195 S.W.3d at 871. A party whose summary judgment evidence was excluded may not argue on appeal any and every new issue she can think of nor may she resurrect issues she abandoned at the hearing. **Cantu,** 195 S.W.3d at 871. Even if the objections appear meritorious on appeal, they are not preserved for appellate review if the record does not show the complaint was made to the trial court. **Id.**

Here, Uribe filed his objections to Rollins's summary judgment evidence on Monday, June 24, 2019, the same date listed as the submission date in the trial court's order granting Rollins's motion for leave.[2] Not until Thursday, June 27, did the trial court grant Uribe's no-evidence motion for summary judgment and sustain his objections to the summary judgment evidence. Nothing in the record indicates Rollins requested a continuance for time to respond to the objections or filed any response whatsoever in the time between the filing of the objections and the trial court's ruling. Furthermore, Rollins made no objection to the trial court's ruling sustaining the objections, either by a motion for reconsideration, motion for new trial, or other filing upon issuance of the trial court's order. *See* **Montenegro v. Ocwen Loan Servicing, LLC**, 419 S.W.3d 561, 572 (Tex. App.—Amarillo 2013, pet. denied) (when party fails to object to ruling that sustains objection to summary judgment evidence, he has not preserved right to complain on appeal about that ruling). Under these circumstances, we conclude Rollins has not preserved the right to complain on appeal about the trial court's ruling on the objections to her summary judgment evidence. *See* **Selgas v. Henderson Cty. Appraisal Dist.,** No. 12-10-00021-CV, 2011 WL 5593138, at * 5-6 (Tex. App.—Tyler Nov. 16, 2011, pet. denied) (mem. op.) (appellants waived

---

[2] We note that the submission date is not a deadline for the court to rule; it is notice to the nonmovant of the deadline for filing a summary judgment response. **Kennedy v. DISA, Inc.**, No. 01-18-00744-CV, 2019 WL 2220113, at *3 (Tex. App.—Houston [1st Dist.] May 23, 2019, no pet.) (mem. op.); **Martin v. Martin, Martin & Richards, Inc.**, 989 S.W.2d 357, 359 (Tex. 1998).

right to complain that trial court sustained objections to summary judgment evidence where record did not show they objected to trial court's ruling); *see also* ***Cunningham***, 2014 WL 3778907, at *3; ***Cantu****,* 195 S.W.3d at 871.  As a result, we overrule Rollins's sole issue.

## DISPOSITION

Having overruled Rollins's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 18, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 18, 2020**

**NO. 12-19-00262-CV**

**LINSEY ROLLINS,**
Appellant
V.
**GABRIEL URIBE,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 18-1846-A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **LINSEY ROLLINS**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*