**Affirmed and Memorandum Opinion filed August 3, 2023.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-22-00409-CV

---

**JOSE ALBERTO GODINEZ, INDIVIDUALLY, GREGORIA CERVANTES-GODINEZ, INDIVIDUALLY, AND EMILY BOHLS, AS THE TEMPORARY ADMINISTRATOR OF THE ESTATE OF MONICA ELIZABETH GODINEZ CERVANTES, DECEASED, Appellants**

**V.**

**TIMOTHY M. HODGES, M.D. AND THE SURGICAL GROUP OF THE WOODLANDS, Appellees**

---

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2020-02707**

---

## MEMORANDUM OPINION

Monica Cervantes-Godinez died while in the hospital following a serious car accident. Appellants, Jose Alberto Godinez; Gregoria Cervantes-Godinez; and Emily Bohls, as the temporary administrator of the estate (collectively, the Godinezes), sued appellees, Timothy M. Hodges, M.D., the doctor who admitted

Monica to the hospital, and his professional group, The Surgical Group of the Woodlands (collectively, Hodges), for medical malpractice allegedly resulting in Monica's death. Hodges filed a no-evidence motion for summary judgment. The Godinezes filed a response as well as a motion for leave to late designate an expert witness and, in the alternative, a motion for continuance, but the Godinezes did not file any evidence from an expert in response to Hodges' motion. The trial court granted Hodges' motion for summary judgment and denied the Godinezes' motions. In four issues on appeal, the Godinezes contend that the trial court erred in granting summary judgment, denying their motions for leave to late designate an expert and for a continuance, and imposing a death penalty sanction. We affirm.

### *Background*

The Godinezes filed their original petition on January 15, 2020, and served Hodges with an expert report prepared by Dr. Brian Williams on June 19, 2020. *See* Tex. Civ. Prac. & Rem. Code § 74.351(a) (requiring health care liability claimants to serve expert reports on defendants within 120 days of when each defendant filed their answer). Hodges filed a motion to dismiss the Godinezes' claims for failing to timely serve the report, and the Godinezes filed a motion to extend time to file the report. *See id*. The trial court granted the motion to extend time and denied the motion to dismiss.

Hodges filed a no-evidence motion for summary judgment on December 17, 2021 and set it for submission on January 10, 2022. In the motion, Hodges asserted that the Godinezes could produce no evidence that Hodges breached an applicable standard of care or proximately caused the injuries alleged. *See generally Windrum v. Kareh*, 581 S.W.3d 761, 768 (Tex. 2019) ("To prevail in a wrongful-death suit alleging medical malpractice, a plaintiff must establish the elements of negligence[; t]hat is, the plaintiff must establish the existence of a legal duty, a

2

breach of that duty, and damages proximately caused by the breach.") (internal citation and quotation marks omitted). Hodges also asserted in the motion that the Godinezes had failed to designate a qualified expert to provide testimony regarding the standard of care, breach, and causation and that the deadline to designate such an expert had passed on May 10, 2021.

On January 3, 2022, the Godinezes filed a combined response to the summary judgment motion, motion for leave to late designate an expert witness, and in the alternative, a motion for continuance of the case. In this document, the Godinezes requested that the trial court permit the late designation of Dr. Williams as a testifying expert. The Godinezes asserted that they had good cause for the failure to timely designate a testifying expert in that their "office was in a lock down mode" and the lawyer in charge of calendaring medical malpractice cases had been very ill. The Godinezes attached an affidavit from the attorney in question describing his illness. The Godinezes further pointed out that Hodges had not asserted he would be surprised or prejudiced by a late designation and noted that Hodges had previously been served with Dr. Williams expert report.

Specifically in regards to the motion for summary judgment, the Godinezes stated, "So by way of their summary judgment response, Plaintiffs' response is that Plaintiffs have a medical expert who will testify about duty, breach, causation and damages. If the Plaintiffs' motion to late designate their experts is granted, the basis of the Defendant's motion will be mooted." Regarding the alternative motion for a continuance in the event the court would not allow a late designation, the Godinezes requested "that the Court continue the case to a date beyond the date the case is currently set for trial to allow the parties to conduct whatever additional discovery is needed to be done." This statement appeared aimed at the possibility Hodges might argue surprise or prejudice. The Godinezes suggested such an

argument could be satisfied by "additional time . . . to ensure equal footing for all." The Godinezes did not discuss Williams's opinions in their document or attach any affidavit, declaration, or testimony by Williams.

The Godinezes set their combined motions for submission on February 7, which was after the date of submission for Hodges' motion for summary judgment. On March 1, 2022, the trial court granted Hodges' motion for summary judgment, stating in that order "Defendants are entitled to summary judgment since there is no evidence as to essential elements of plaintiffs' claim." On the same date, the trial court issued an order denying the Godinezes' motions for leave to late designate experts and continuance, noting in this order that summary judgment had been granted.

The Godinezes then filed a motion for new trial, arguing that the trial court's orders violated "their constitutional right to present medical testimony in support of their lawsuit" and were effectively a death penalty sanction for failure to timely designate an expert. Hodges responded to this motion by pointing out that to avoid summary judgment, the Godinezes were required to present some evidence in response to the no-evidence motion for summary judgment and failed to do so. The trial court denied the motion for new trial and this appeal ensued.

### *Discussion*

In four issues, the Godinezes contend that the trial court erred in (1) granting summary judgment based on the Godinezes' failure to timely designate an expert; (2) denying the motion for leave to late designate; (3) denying the motion for a continuance; and (4) imposing a death penalty sanction. We will discuss each issue in turn.

**Summary judgment.** As stated, in their first issue, the Godinezes assert the

4

trial court granted summary judgment on the ground that the Godinezes failed to timely designate their testifying expert. Hodges responds that the motion was granted because the Godinezes failed to present any evidence in response to the motion, not simply because they failed to timely designate an expert. Indeed, as set forth above, the trial court stated in its order that "Defendants are entitled to summary judgment since there is no evidence as to essential elements of plaintiffs' claim."

Texas Rule of Civil Procedure 166a(i) provides that "[a]fter adequate time for discovery, a party . . . may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." Tex. R. Civ. P. 166a(i); *see also Draughon v. Johnson*, 631 S.W.3d 81, 88 (Tex. 2021). A court "must grant" such motion "unless the respondent produces summary judgment evidence raising a genuine issue of material fact." Tex. R. Civ. P. 166a(i); *see also LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006). To defeat a no-evidence summary judgment in a medical-malpractice case, the plaintiff must offer expert testimony on the challenged elements of the claim, including, if challenged, the standard of care, breach, and causation. *See, e.g.*, *Bailey v. Hillcrest Baptist Med. Ctr.*, No. 10-18-00346-CV, 2022 WL 711119, at *4 (Tex. App.—Dallas Mar. 9, 2022, no pet.) (mem. op.); *Dashtgoli v. Eye Care of Austin, P.A.*, No. 03-06-00744-CV, 2008 WL 2852286, at *3 (Tex. App.—Austin July 23, 2008, no pet.) (mem. op.).

In their reply brief, the Godinezes assert that Hodges' motion for summary judgment was limited to the argument that because the Godinezes failed to timely designate an expert, they could provide no evidence on breach or causation. The Godinezes insist Hodges only raised a general no-evidence challenge for the first

time in this appeal. Thus, according to the Godinezes, the trial court must have based its ruling on the failure to timely designate an expert not on the lack of evidence. We disagree.

In his motion for summary judgment, after describing the nature of the case, Hodges offered a "Statement of Claim for Relief," asserting "[t]here is no evidence that the Defendants breached an applicable standard of care, either by act or omission, which caused or contributed to the injuries claimed. Accordingly, the Defendants are entitled to summary judgment. *See* Tex. R. Civ. P. 166a(i)." Hodges then set forth the requirements under Rule 166a(i), including that to avoid summary judgment, the plaintiff must put forth enough probative evidence to raise a genuine issue of material fact on each of the challenged elements. Hodges repeats three more times in the argument and conclusion portions of the motion that the plaintiffs have no evidence that Hodges breached any applicable standard of care or that such breach proximately caused the injuries alleged. Although it is certainly true that Hodges also argues in the motion that the Godinezes failed to timely designate a testifying expert, the motion is not limited to that contention. It is a no-evidence motion for summary judgment. Because the Godinezes did not present any evidence on the challenged elements, the trial court was required to grant the motion. *See* Tex. R. Civ. P. 166a(i); *LMB, Ltd.*, 201 S.W.3d at 688; *Bailey*, 2022 WL 711119, at \*4; *Dashtgoli*, 2008 WL 2852286, at \*3. We therefore overrule the first issue.

**Motion for leave.** In their second issue, the Godinezes challenge the trial court's denial of their motion for leave to late designate an expert. In its order denying this motion, the trial court did not state a reason for denying the motion, but the court did point out that summary judgment had been granted. The court may have denied the motion for leave simply because it was moot in light of the

6

granting of summary judgment. Basically, even if we were to agree with the Godinezes that they had good cause for failing to timely designate an expert and Hodges would not be surprised or prejudiced by the late designation, it would not change the outcome of the case. *See* Tex. R. App. P. 44.1(a) (providing that no judgment may be reversed due to trial court error unless that error probably caused the rendition of an improper judgment or prevented the appellant from properly presenting the case on appeal); *In re Marriage of Moncur*, 640 S.W.3d 309, 322 (Tex. App.—Houston [14th Dist.] 2022, no pet.); *see also Sears Roebuck & Co. v. ACM Eng'g & Env't Servs.*, No. 14-11-00363-CV, 2012 WL 1137912, at *3 (Tex. App.—Houston [14th Dist.] Apr. 3, 2012, no pet.) (mem. op.) (any alleged trial court error was moot because even assuming court erred, no evidence summary judgment was still appropriate). The Godinezes needed to present evidence in response to the motion for summary judgment but failed to do so.

The Godinezes assert that because the trial court improperly excluded their expert witness, the judgment turned on the excluded evidence. And they argue the trial court violated their due process right to present evidence by preventing them from presenting expert testimony, citing, inter alia, the Fifth and Fourteenth Amendments to the United States Constitution. But the trial court did not improperly exclude or prevent the presentation of any evidence as the Godinezes did not offer any evidence. Moreover, even if the trial court had improperly excluded evidence, the Godinezes have not properly presented this issue for appellate review because no excluded evidence appears in the appellate record. *See Chandler v. CSC Applied Techs., LLC*, 376 S.W.3d 802, 824 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (explaining that an appellant has the burden to bring forth a record sufficient to show that the trial court abused its discretion when it excluded summary judgment evidence); *Cantu v. Horany*, 195 S.W.3d 867, 871

7

(Tex. App.—Dallas 2006, no pet.) (same).[1] The trial court did not err in denying the motion for leave, and we overrule the second issue.

**Motion for continuance.** In their third issue, the Godinezes challenge the denial of their alternative motion to continue the case. Based on their arguments in the trial court and on appeal, it is clear that this issue is aimed at remedying any surprise or prejudice that may have arisen for Hodges in the event the Godinezes were given leave to late designate their expert. As the Godinezes point out, the extra time would allow Hodges to depose the expert. Because we do not reach the question of surprise or prejudice, we likewise need not reach this issue.

**Death penalty sanction.** In their fourth issue, the Godinezes assert the trial court erred in effectively imposing a death penalty sanction against them for failing to timely designate an expert witness without considering alternatives. Again, this is not what happened in this case. The trial court did not impose any sanctions regarding the designation of the expert; the trial court granted a no evidence summary judgment because the Godinezes failed to produce any evidence in response to the no-evidence motion. Accordingly, we overrule the fourth issue.

We affirm the trial court's judgment.

/s/ Frances Bourliot
Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.

---

[1] The Godinezes do not cite, and we have not discovered any place in the appellate record containing, evidence by Dr. Williams, the Godinezes' purported expert. The Godinezes attached a report by Williams to their brief, but even assuming the report could constitute proper summary judgment evidence, we generally cannot consider evidence attached to a brief. *See, e.g.*, *WorldPeace v. Comm'n for Law. Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). *See generally Hinojosa v. Koen*, No. 04-18-00907-CV, 2019 WL 5773672, at *3 (Tex. App.—San Antonio Nov. 6, 2019, pet. denied) (mem. op.) (holding expert report did not qualify as an affidavit or unsworn declaration).