

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00882-CV

**VILLEJO ENTERPRISES, LLC** D/B/A Good Guys Auto Group ("Good Guys"),
Appellant

v.

**C.R. COX, INC.** D/B/A AAMCO and Carl Cox,
Appellees

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2019CV01289
Honorable David J. Rodriguez, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:     Rebeca C. Martinez, Chief Justice
            Patricia O. Alvarez, Justice
            Liza A. Rodriguez, Justice

Delivered and Filed: January 20, 2021

AFFIRMED IN PART, REVERSED AND REMANDED IN PART

This case arises from the repair of a vehicle by C.R. Cox, Inc. d/b/a/ AAMCO (AAMCO).

Villejo Enterprises, LLC d/b/a Good Guys Auto Group (Good Guys) had an interest in the vehicle

and sued AAMCO and one of its owners, Carl Cox, for fraud, conversion, violations of the Texas

Deceptive Trade Practices Act, and violations of the Texas Property Code. AAMCO and Cox

filed a no-evidence and traditional motion for summary judgment, which the trial court granted.

On appeal, Good Guys contends the trial court erred in granting AAMCO and Cox's evidentiary

objections and in proceeding with the summary judgment hearing. Good Guys also contends

AAMCO and Cox were not entitled to summary judgment. We affirm in part, and reverse and remand in part.

## BACKGROUND

Maria Liendo entered into a contract to purchase a 2012 Ford Fiesta and subsequently failed to make payments on the vehicle, leading to its repossession by the lienholder, Skopos Financial LLC. Skopos then sold the vehicle to Cadena Auto, Inc., which then sold the vehicle to Good Guys. Margie Soria entered into a contract with Good Guys to purchase the vehicle, which required her to pay a down payment, take possession of the vehicle, and begin monthly payments on the balance.

Soria experienced mechanical problems with her vehicle and took it to AAMCO. Cox subsequently informed her that the transmission needed to be repaired and quoted the repair at $750. At some point thereafter, Cox informed Soria that the repairs would instead cost $4,685.96. The record is unclear as to what happened after this, but it contains a quotation sheet from AAMCO for $4,685.96 dated on November 27, 2018. The document has Soria's signature and the following language:

> I hereby authorize this work you and your employees may operate above vehicle for the purpose of testing, inspection, or delivery at my risk. An express mechanic's lien is acknowledged on above vehicle, to secure the amount of repairs thereto.

AAMCO completed the repairs on December 8, 2018. On December 13, 2018, AAMCO sent its notice of intention to file mechanic's lien to Soria, Liendo, and Skopos. On December 18, AAMCO filed a copy of this notice with the Bexar County Tax Assessor's Office.

AAMCO never received the balance for the repairs, and Soria stopped making her monthly payments to Good Guys for the vehicle. After failed attempts to contact Soria, Good Guys placed the vehicle for repossession. Zack Villejo, an authorized representative for Good Guys, went to AAMCO, where the vehicle was located, to inquire about the vehicle. Cox told Villejo that he and

AAMCO had a mechanic's lien on the vehicle for the transmission repairs performed and provided Villejo with a document indicating the charges for the repairs completed. Good Guys demanded the release of the vehicle, but AAMCO and Cox refused. On January 22, 2019, AAMCO sold the vehicle to Cox for $4,685.96, the amount owed for the repairs to the vehicle.

On January 30, 2019, Good Guys sued AAMCO and Cox for conversion, violations of Chapter 70 of the Texas Property Code, fraud, and violations of the DTPA. On May 24, 2019, AAMCO and Cox filed an affirmative and no-evidence motion for summary judgment. On June 7, Good Guys filed a response to the motion for summary judgment. AAMCO and Cox subsequently filed objections to Good Guys' summary judgment evidence. On July 19, 2019, the trial court sustained AAMCO and Cox's evidentiary objections and granted summary judgment in favor of AAMCO and Cox as to all of Good Guys' claims. AAMCO and Cox filed a motion to sever Good Guys' claims, requested a final judgment, and non-suited their counterclaims against Good Guys. The trial court then entered a final judgment in favor of AAMCO and Cox. Good Guys appealed.

## EVIDENTIARY RULINGS

On appeal, Good Guys contests the trial court's evidentiary ruling. First, Good Guys argues the trial court erred in ruling on AAMCO and Cox's summary judgment objections because their written objections were filed the night before the hearing when discovery was still ongoing in the case. Second, Good Guys argues the trial court erred by excluding its summary judgment evidence relating to their expert, Jamie Boothe, because she was disclosed as an expert in their requests for disclosure. Third, Good Guys argues the trial court erred by excluding its deposition excerpts because depositions need not be authenticated to be competent summary judgment evidence. We hold that Good Guys waived these complaints for appellate review.

*A. Standard of Review*

A trial court's decision to admit or exclude summary judgment evidence is reviewed for an abuse of discretion. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses its discretion when it rules "without regard for any guiding rules or principles." *Id.* (quoting *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex. 1995)). We "must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling." *Id.* Additionally, "we will not reverse a trial court for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment." *Id.*; *see* Tex. R. App. P. 44.1(a)(1).

*B. Discussion*

First, Good Guys argues the trial court erred when it ruled on AAMCO and Cox's summary judgment objections because Good Guys' written objections were filed the night before the hearing when discovery was still ongoing in the case.

We hold that Good Guys waived this complaint by not timely asserting it in the trial court. *See* Tex. R. App. P. 33.1 (requiring a complaint to be made to trial court by timely request to preserve the complaint for appellate review). "When a summary judgment movant objects to summary judgment evidence proffered by the nonmovant, the burden lies upon the nonmovant to request relief under rule 166a(f), including a continuance or the opportunity to cure any formal defects in the nonmovant's summary judgment evidence." *Coleman v. Woolf*, 129 S.W.3d 744, 750 (Tex. App.—Fort Worth 2004, no pet.). "Generally, a motion for continuance is the proper procedure to obtain this 'opportunity.'" *Tri-Steel Structures, Inc. v. Baptist Found. of Tex.*, 166 S.W.3d 443, 448 (Tex. App.—Fort Worth 2005, pet. denied) (citing *Webster v. Allstate Ins. Co.*, 833 S.W.2d 747, 750 (Tex. App.—Houston [1st Dist.] 1992, no writ)). Here, Good Guys failed to request a continuance or opportunity to cure before the trial court's judgment. Instead, it first raised the issue in its appellate brief. Therefore, Good Guys waived this issue for appeal. *See*

TEX. R. APP. P. 33.1; *DeLarosa v. Stokes*, No. 03-12-00125-CV, 2012 WL 3600874, at *6 (Tex. App.—Austin Aug. 17, 2012, no pet.) (mem. op.) (holding that a nonmovant failed to preserve his complaint about the timing of an objection because he had an opportunity to amend or seek to amend the defect when the movant filed its form objection to the nonmovant's affidavit); *see also Herrera v. R.R.&F.*, No. 03-01-00501-CV, 2002 WL 220490, at *3 (Tex. App.—Austin Feb. 14, 2002, no pet.) (mem. op.) ("Nothing in the record shows that, prior to the district court's judgment, Herrera responded to R.R. & F.'s motion to strike, sought an opportunity to amend, or requested a continuance . . . [t]herefore, Herrera waives this issue for appeal.").

Second, Good Guys argues the trial court erred by excluding evidence relating to its expert, Jamie Boothe, because she was disclosed as an expert in its requests for disclosure. Again, we hold that Good Guys has waived this issue for appeal because Good Guys failed to show that it raised the complaint in the trial court. *See Cantu v. Horany*, 195 S.W.3d 867, 871 (Tex. App.—Dallas 2006, no pet.) ("When a party fails to object to the trial court's ruling that sustains an objection to his summary judgment evidence, he has not preserved the right to complain on appeal about the trial court's ruling." (citing *Brooks v. Sherry Lane Nat'l Bank*, 788 S.W.2d 874, 878 (Tex. App.—Dallas 1990, no writ))). Here, Good Guys did not file written responses to the objections or provide a reporter's record of the summary judgment hearing. Thus, the record does not show that Good Guys raised its complaint in the trial court. *See Brown v. CB & I, Inc.*, No. 09-12-00521-CV, 2014 WL 172413, at *3 (Tex. App.—Beaumont Jan. 16, 2014, no pet.) (stating that the appellant bears the burden to bring forth a record that demonstrates the trial court abused its discretion when it sustained the appellees' objections to the summary judgment evidence).

Furthermore, Good Guys has not challenged all possible grounds for the trial court's ruling to exclude evidence related to the expert. *See Hinojosa v. Koen*, No. 04-18-00907-CV, 2019 WL 5773672, at *2 (Tex. App.—San Antonio Nov. 6, 2019, pet. denied) (mem. op.) ("[W]hen an

appellee urges several objections to a particular piece of evidence and, on appeal, the appellant complains of its exclusion on only one of those bases, the appellant has waived that issue for appeal because he has not challenged all possible grounds for the trial court's ruling . . . ." (quoting *Cantu v. Horany*, 195 S.W.3d 867, 871 (Tex. App.—Dallas 2006, no pet.))).   Here, AAMCO and Cox set forth several objections to the expert's specific conclusions; however, Good Guys addresses only one objection regarding whether the expert had been disclosed.  Therefore, we hold that Good Guys waived its complaint about the trial court's ruling to exclude expert testimony.  *See id.*

Third, Good Guys argues the trial court erred by excluding Soria's deposition excerpts because depositions need not be authenticated to be competent summary judgment evidence.  AAMCO and Cox concede that this objection was improper.  However, regardless of the merits of this objection, the complaint was also waived because the record does not show that Good Guys made its complaint to the trial court.  *See Cantu*, 195 S.W.3d at 871 ("Even if the objections appear meritorious on appeal, they are not preserved for appellate review if the record does not show the complaint was made to the trial court." (citing *Cruikshank v. Consumer Direct Mortg., Inc.*, 138 S.W.3d 497, 500 (Tex. App.—Houston [14th Dist.] 2004, pet. denied))).

Furthermore, Good Guys has not challenged all possible grounds for the trial court's ruling to exclude this evidence.  *See Hinojosa*, 2019 WL 5773672 at *2.  AAMCO and Cox set forth two objections to Soria's deposition testimony; however, Good Guys addresses only one objection regarding the excerpt not being authenticated.  Therefore, we hold that Good Guys waived its complaint about the trial court's ruling to exclude Soria's deposition testimony.  *See id.*  Good Guys does not address AAMCO and Cox's remaining objections to the summary judgment evidence; therefore, it has waived its complaints regarding the exclusion of evidence based on these objections.  *See id.*  In sum, we hold the trial court did not err by excluding evidence, and we review the trial court's summary judgment decision without consideration of the excluded

evidence. *See Fred Loya Ins. Agency, Inc. v. Cohen*, 446 S.W.3d 913, 918 (Tex. App.—El Paso 2014, pet. denied).

### ADEQUATE TIME FOR DISCOVERY

Good Guys argues the trial court should not have granted AAMCO and Cox's summary judgment because it was not afforded adequate time for discovery. AAMCO and Cox respond that Good Guys cannot make this argument on appeal because it failed to move for a continuance of the summary judgment hearing. We agree with AAMCO and Cox and hold that Good Guys failed to properly preserve its complaint for appeal.

Rule 166a(i) provides a party may move for a no-evidence summary judgment after an adequate time for discovery has passed. *See* TEX. R. CIV. P. 166a(i). In determining whether an adequate time for discovery has passed under Rule 166a(i), an appellate court examines (1) the nature of the case, (2) the nature of the evidence necessary to controvert the no-evidence motion, (3) the length of time the case was active, (4) the amount of time the no-evidence motion had been on file, (5) whether the movant had requested stricter deadlines for discovery, (6) the amount of discovery already taken place, and (7) whether the discovery deadlines were specific or vague. *Martinez v. City of San Antonio*, 40 S.W.3d 587, 591 (Tex. App.—San Antonio 2001, pet. denied). The rule does not require that discovery be completed, only that there was adequate time for discovery. *Rankin v. Union Pac. R.R. Co.*, 319 S.W.3d 58, 67 (Tex. App.—San Antonio 2010, no pet.). Finally, when a party contends it has not had adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 524 (Tex. App.—San Antonio 2003, no pet.). Our review of a trial court's determination that there has been adequate time for discovery is governed by an abuse of discretion standard. *Id.* at 523.

Nothing in the record indicates that Good Guys filed, in the trial court, an affidavit explaining its need for further discovery or filed a motion to continue the summary judgment hearing. *See id.* at 524. The only mention in the record of Good Guys contending it did not have adequate time for discovery is in its response to AAMCO and Cox's traditional and no-evidence motion for summary judgment. However, to preserve such a complaint, Good Guys was required to file either an affidavit or a verified motion for continuance and to identify the evidence sought, demonstrate its materiality, and show Good Guys' diligence in obtaining it. *Wilson v. Dorbandt*, No. 03-14-00553-CV, 2016 WL 768143, at *5 (Tex. App.—Austin Feb. 24, 2016, pet. denied); *see Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) (holding that the court of appeals erred in reversing a no-evidence summary judgment because the party seeking reversal never filed an affidavit explaining the need for further discovery or a verified motion for continuance).

We, therefore, overrule Good Guys' contention that the summary judgment must be reversed because it was granted without affording it adequate time for discovery.

## MERITS OF THE SUMMARY JUDGMENT MOTIONS

### A. Standard of Review

We review a trial court's grant of summary judgment *de novo*. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017). To prevail on a motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *Id.*

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging in every reasonable inference and resolving any doubts against the movant. *Id.* If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not

proper. *Id.*; *see* TEX. R. CIV. P. 166a(i). "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004) (citing *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000)). "[M]ore than a scintilla of evidence exists if the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id.* at 601 (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

If a party moves for both traditional and no-evidence summary judgment, we first review the trial court's judgment under the standards for a no-evidence summary judgment. *Id.* at 600. If the nonmovant failed to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the movant's summary judgment evidence proof satisfied the traditional summary judgment standard. *Id.*

### B. Discussion

#### 1. Fraud

Good Guys argues the trial court erred in granting summary judgment on its fraud claims because the evidence demonstrates that AAMCO and Cox each made intentional misrepresentations upon which Good Guys relied on.

The elements of common law fraud are: (1) that a material representation was made, (2) that it was false, (3) that the speaker knew it was false when made or that the speaker made it recklessly without any knowledge of the truth and as a positive assertion, (4) that he made it with the intention that it be acted upon by the other party, (5) that the party acted in reliance upon it, and (6) that he thereby suffered injury. *Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex. 1983).

Good Guys asserts that AAMCO and Cox committed fraud because they forged Soria's signature in order to authorize the repairs on the vehicle in dispute. A person who repairs a vehicle does not have a valid lien under Chapter 70 and does not have the right to sell the vehicle under

that statute if the owner of the vehicle did not authorize the repair services that are the basis for the purported lien. *See Berry v. Covarrubias*, No. 01-02-01141-CV, 2004 WL 36001, at *3 (Tex. App.—Houston [1st Dist.] Jan 8, 2004, no pet.) (mem. op.) (holding that individual who repaired a vehicle and sold it, purporting to foreclose a Chapter 70 lien for unpaid repair services, had no right to sell the vehicle under Chapter 70 because the owner never agreed that the individual could repair the vehicle).

Good Guys relies upon the deposition testimony of Soria who states that the signature authorizing the repairs was forged and that she never authorized the repairs performed by AAMCO. However, pursuant to the discussion above, this deposition testimony is excluded from our review. Cox initially quoted the repairs at $750 and subsequently informed Soria that the repairs would cost $4,685.96 instead. The record is unclear as to what happened after Cox informed Soria of the new quote, but it provides an AAMCO quotation sheet with the total $4,685.96, bearing Soria's signature authorizing repairs to the vehicle. We conclude that the undisputed, competent summary judgment evidence establishes that Soria authorized the repairs and there is no evidence to support Good Guys' fraud claims.[1]

### 2. Conversion

Good Guys argues the trial court erred in granting summary judgment on its conversion cause of action because it argues that there is evidence that AAMCO and Cox did not have the legal right to assert a mechanic's lien or foreclose on the mechanic's lien and converted Good Guys' property.

---

[1] Good Guys argues that Soria's oral authorization over the phone was insufficient to authorize repairs because section 70.006(b-1)(4) of the Texas Property Code requires authorization to be in written form. However, section 70.0006(b-1)(4) is inapposite. It concerns the notice that a holder of a possessory lien on a motor vehicle must give to a lienholder of record. *See* TEX. PROP. CODE ANN. § 70.006(b-1)(4). This notice is not determinative of whether Soria authorized repairs.

Conversion is the wrongful exercise of dominion and control over another's property in denial of or inconsistent with his rights. *Bandy v. First State Bank, Overton, Tex.*, 835 S.W.2d 609, 622 (Tex. 1992). In order to establish conversion, the plaintiff must show that (1) he owned, had legal possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of, and inconsistent with, the plaintiff's rights; and (3) the defendant refused the plaintiff's demand for return of the property. *See Automek, Inc. v. Orandy*, 105 S.W.3d 60, 63 (Tex. App.—Houston [1st Dist.] 2003, no pet.). A worker in Texas who repairs a vehicle may keep the vehicle until either "(1) the amount due under the contract for the repairs is paid; or (2) if no amount is specified by contract, the reasonable and usual compensation is paid." TEX. PROP. CODE ANN. § 70.001(a). A lienholder who retains possession of the vehicle for thirty days after the charges accrue must give written notice to the owner of the amount of the charges and a request for payment. *Id.* § 70.006(a)–(b); *Dob's Tire & Auto Ctr. Safeway Ins. Agency*, 923 S.W.2d 715, 720 (Tex. App.—Houston [1st Dist.] 1996, writ dism'd w.o.j.).

If the charges are not paid by the thirtieth day after the notice is mailed, the lienholder may sell the vehicle at a public sale and apply the proceeds to the charges. TEX. PROP. CODE ANN. § 70.006(e)–(f). A lienholder commits conversion, however, if he fails to comply with section 70.006's notice requirements before selling the vehicle. *Elite Towing, Inc. v. LSI Fin. Group*, 985 S.W.2d 635, 645 (Tex. App.—Austin 1999, no pet.). Section 70.006 directs that the "holder of a lien" must send notice by certified mail, return receipt requested, to the owner and any lien holder of the motor vehicle recorded on the certificate of title, including the amount of the charges and a request for payment. TEX. PROP. CODE ANN. § 70.006(a)–(b). The notice must contain four statutorily dictated pieces of information:

(1) the physical address of the real property at which the repairs to the motor vehicle were made;

(2) the legal name of the person that holds the possessory lien for which the notice is required;

(3) the taxpayer identification number or employer identification number, as applicable, of the person that holds the possessory lien for which the notice is required; and

(4) a signed copy of the work order authorizing the repairs on the motor vehicle.

*Id.* § 70.006(b-1).

The holder of a possessory interest also must file, within thirty days of when the charges accrue, the same notice with the local county tax assessor-collector's office along with a $25 administrative fee. *Id.* § 70.006(a).

In this case, the summary judgment evidence shows that AAMCO and Soria made an agreement that AAMCO would repair the vehicle and Soria authorized the charges of the repairs. The summary judgment evidence also shows that AAMCO established a valid mechanic's lien on the vehicle and complied with section 70.006's notice requirements before selling the vehicle. *See id.* § 70.006. The notice of intention to file mechanic's lien letter in the record complies with Section 70.006. *See id.* § 70.006(a)–(b). The repairs were completed on December 8, 2018, and AAMCO sent the notice letter by certified mail with return receipt requested on December 13, 2018, within the 30-day period. *See id.* § 70.006(a). The letter was sent to the title owner of the vehicle, Liendo, the lienholder recorded on the certificate of title, Skopos, and the person who authorized the repairs, Soria. *See id.* (requiring notice to be sent to the owner and each holder of a lien recorded on the certificate of title).[2] The letter was also filed with the Bexar County Tax

---

[2] The certificate of title in the record lists Liendo as the owner of the vehicle and Skopos as a recorded lienholder. As such, this is the information we use to determine whether AAMCO and Cox complied with section 70.006's notice requirements prior to selling the vehicle. *See* TEX. PROP. CODE ANN. § 70.006(a)–(b-1).

Assessor-Collector's Office. *See id.* The notice letter had the four statutorily dictated pieces of information because it 1) had the address where the repairs to the motor vehicle were made, 2) had the legal name of the person that held the possessory lien for which notice was required, AAMCO, 3) had AAMCO's employer identification number, and 4) contained the signed copy of the work order authorizing the repairs on the motor vehicle attached to it. *See id.* § 70.006 (b-1). The letter also included the amount of the charges and a request for payment. *See id.* § 70.006(b).

Therefore, we conclude that AAMCO complied with section 70.006's notice requirements before selling the vehicle.[3] Because Soria authorized the repairs and AAMCO held a valid lien on the vehicle, Good Guys' conversion claim fails. *See Tex-On Motor Ctr. v. Transouth Fin. Corp.*, No. 14-04-00366-CV, 2006 WL 664161, at *5 (Tex. App.—Houston [14th Dist.] Mar. 16, 2006, no pet.) (mem. op.) ("A finding that the Fitzpatricks authorized the repairs and Tex–On held a valid worker's lien on the vehicle would thus negate TranSouth's and the Fitzpatricks' conversion claims."); *see also Simpson v. Pinkson*, No. 02-05-00352-CV, 2007 WL 1501965, at *2 (Tex. App.—Fort Worth May 24, 2007, no pet.) (mem. op.) ("A lienholder commits conversion, however, if he fails to comply with section 70.006's notice requirements before selling the vehicle." (citing *Elite Towing, Inc.*, 985 S.W.2d at 645)). Therefore, we hold that there is no evidence that Cox converted the vehicle. *See Tex-On Motor Ctr.*, 2006 WL 664161, at *5.

### 3. Deceptive Trade Practices Act

Good Guys argues the trial court erred in granting summary judgment on its DTPA claims. In its petition, Good Guys alleged DTPA claims based on "false, misleading, or deceptive acts or

---

[3] Good Guys argues that the letter was not sent to Soria's correct address. However, the issue was not raised in the trial court and, therefore, cannot be raised on appeal for the first time. *See* TEX. R. APP. P. 33.1(a). Further, the only evidence that indicates that the address may have been incorrect is in Soria's deposition testimony, which was excluded from the record due AAMCO and Cox's sustained objections. Finally, Section 70.006 only requires that notice be given to those listed in the certificate of title. *See id.* § 70.006(a). Here, the record indicates that the certificate of title only listed Liendo and Skopos, to whom notice was provided.

practices" under the DTPA's "laundry list" and unconscionability claims. AAMCO and Cox's motion specifically addressed Good Guys' "laundry list" claims, the alleged misrepresentations they made, and Carl and Rose Cox's lack of performance in their individual capacities. We hold AAMCO and Cox's motion expressly presented a no-evidence ground as to the "false, misleading, or deceptive acts or practices" element of Good Guys' "laundry list" claims. *See* TEX. BUS. & COM. CODE ANN. § 17.51(a)(1) (providing a consumer may maintain a cause of action for the "false, misleading, or deceptive acts or practices" listed in section 17.46). However, we hold that the trial court erred in rendering summary judgment on Good Guys' unconscionability claim because AAMCO and Cox failed to address this claim in its motion for summary judgment.

> i. "Laundry List" Claims

> > a. *AAMCO's misrepresentation that the inspection would be $750 and lack of authorization to complete the repair*

Good Guys argues it produced evidence showing AAMCO and Cox misrepresented to Soria the price that that they would charge for the repairs and that Soria relied upon these misrepresentations. It argues this evidence raises a fact issue under section 17.46(b)(2), (b)(5), b(7), and (b)(13) of the Texas Business and Commercial Code. *See* TEX. BUS. & COM. CODE ANN. § 17.46(b)(2),(5),(7),(13). The evidence Good Guys relies upon to support these arguments are from Soria's deposition testimony, which is excluded from our review. Without this deposition testimony, there is no evidence to support these assertions. Accordingly, the trial court did not err by granting a no-evidence summary judgment on these claims. *See* TEX. R. CIV. P. 166a(i).

> > b. *AAMCO's misrepresentation that it replaced the entire transmission*

Good Guys also argues it produced evidence that AAMCO and Cox led Soria to believe they would replace her entire transmission, but only replaced some parts, in violation of sections 17.46(b)(6) and (22). The only evidence in the record that Good Guys relies upon in support of

its argument is the quotation sheet, which lists the parts that AAMCO and Cox fixed. Good Guys, however, fails to point to any evidence in the record indicating that AAMCO and Cox had promised—and that Soria had agreed to—further or different repairs. To the extent Good Guys relies on any part of Soria's deposition testimony, it is excluded from our review because the trial court struck the evidence. We therefore hold Good Guys produced no evidence of the "false, misleading, or deceptive conduct" of their "laundry list" claims. *See McNeely v. Salado Crossing Holding, L.P.*, No. 04-16-00678-CV, 2017 WL 2561551, at *4 (Tex. App.—San Antonio June 14, 2017, no pet.) (mem. op.) (holding the appellants produced no evidence of the "false, misleading, or deceptive conduct" element of their "laundry list" claims).

ii. Unconscionability Claim

Finally, Good Guys argues the trial court erred by granting AAMCO and Cox's summary judgment on Good Guys' unconscionability claim because AAMCO and Cox failed to move for summary judgment on this claim. AAMCO and Cox respond that they challenged all of Good Guys' DTPA claims in its no-evidence motion and that Good Guys was required to specially except if it believed the unconscionability claim was not sufficiently specific.

A summary judgment cannot be affirmed on any ground not specifically presented in the motion for summary judgment. *See Travis v. City of Mesquite*, 830 S.W.2d 94, 100 (Tex. 1992). Moreover, a summary judgment cannot be granted on the entirety of an opponent's case unless the motion addresses each of the non-movant's causes of action. *See Goughnour v. Patterson, Tr. of the Deborah Patterson Howard Tr.*, No. 12-17-00234-CV, 2019 WL 1031575, at *10 (Tex. App.—Tyler Mar. 5, 2019, pet. denied) (mem. op.) To determine the extent of AAMCO and Cox's motion for summary judgment, we may only review the specific reasons for the summary judgment stated in the motion, and we cannot rely on briefs or summary judgment evidence to determine the

basis. *See Ecotech Int'l, Inc. v. Griggs & Harrison*, 928 S.W.2d 644, 649–50 (Tex. App.—San Antonio 1996, writ denied).

Here, in the DTPA section of Cox's motion for summary judgment, AAMCO and Cox argue there is no evidence that "[a]ny of the alleged violations listed in para. 26 a–f occurred," which refers to Good Guys' amended petition. In the petition, paragraphs 26 a–f address the "laundry list" violations under the DTPA. Following this, AAMCO and Cox state in their motion that there is no evidence "[t]hat Plaintiff relied upon any alleged misrepresentation made by Defendants, or any Defendant; and/or . . . [t]hat Carl Cox or Rose Cox performed any act in their individual capacity." AAMCO and Cox, however, fail to address the unconscionability claim that Good Guys pled in paragraph 27 of its amended petition. Because AAMCO and Cox failed to address Good Guys' unconscionability claim in its motion, the trial court erred in rendering summary judgment on this claim. *See* Tex. Bus. & Com. Code Ann. § 17.50(a)(3); *id.* at 650 (reversing and remanding specific causes, such as an unconscionability claim, to the trial court because the summary judgment disposed of causes of action not addressed in the summary judgment motions).

### 4. *Chapter 70 of the Texas Property Code*

Good Guys argues the trial court erred in granting summary judgment on its Chapter 70 cause of action because AAMCO and Cox did not comply with Chapter 70 in attempting to exercise its alleged mechanic's lien and foreclosure. AAMCO and Cox respond that summary judgment was proper because Good Guys was not the owner of the vehicle and even if it were the owner, AAMCO and Cox had the right to retain the vehicle pursuant to its properly perfected mechanic's lien, which they properly foreclosed on.

Good Guys contends that there is evidence that AAMCO and Cox violated Chapter 70 by: 1) performing work that was not authorized by the owner or lienholder of the vehicle because Soria

did not authorize repairs amounting to $4,685.96; 2) failing to provide proper notice of the accrual of charges and their notice to foreclose on the vehicle; and 3) failing to conduct a public sale of the vehicle in accordance with Chapter 70 of the Property Code. We hold that the trial court erred in granting AAMCO and Cox's no-evidence motion for summary judgment because there is more than a scintilla of evidence that AAMCO failed to conduct a public sale in accordance with Section 70.006 of the Texas Property Code.

Section 70.006 provides the procedure for the sale of a motor vehicle. It directs that the "holder of a lien" must send a notice by certified mail, return receipt requested, to the owner and any lien holder of the motor vehicle of record including the amount of the charges and a request for payment. TEX. PROP. CODE ANN. § 70.006(a)–(b). The holder of a possessory interest must also, within thirty days of when the charges accrue, file the same notice with the local county tax assessor-collector's office along with a $25 administrative fee. *Id.* § 70.006(a). Section 70.006 states that once notice is provided to the owner of or the holder of a lien on the motor vehicle, the owner or lienholder may obtain possession of the vehicle by paying all charges due to the lienholder before the 31st day after the date a copy of the notice is filed with the county tax assessor-collector's office. *Id.* § 70.006(e). If the charges are not paid before the 31st day after the date a copy of the notice is filed with the county tax assessor-collector's office, then the lienholder may sell the vehicle at a public sale and apply the proceeds to the charges. *Id.* § 70.006(f). "The public sale may not take place before the 31st day after the date a copy of the notice is filed with the county tax assessor-collector's office." *Id.*

"Public sale" is not defined in the Texas Property Code or in caselaw on this issue. However, the Mechanic's Lien Foreclosure Form filed with the Texas Department of Motor Vehicles states that "the mechanic may sell at public sale anytime on or after the 31st day after a copy of the notice or publication was filed with the county tax assessor-collector's office." Then,

in the application for title section, it states "[t]he highest bidder at public sale must apply for title." This "highest bidder" language implies that a public sale must be known to more than one person. *See S.P. Auto Sales, Inc. v. Benites (In re Benites)*, No. 11-35444-SGJ-7, 2012 WL 4793469, at *5 (Bankr. N.D. Tex. Oct. 9, 2012) ("a public sale appears to have one or more of the following characteristics: (1)the sale must take place at a specific time and place; (2) there is some sort of advertisement or public notice preceding the sale; and (3) the public must have access to the sale."); *see also Williams v. Precision Tire & Alignment, Inc.*, No. 09-02-063-CV, 2002 WL 31628017, at *3 (Tex. App.—Beaumont 2002, no pet.) (per curiam) (not designated for publication) (holding that there was a fact issue as to whether the sale was public because the record does not indicate anyone other than the purchaser knew of its occurrence).

Here, the Mechanic's Lien Foreclosure Form in the record states that the vehicle was sold at a public sale at the location of AAMCO's business to purchaser Cox. Cox's deposition testimony, which is in the summary judgment record, provides that he paid $4,685.96 for the vehicle. However, Cox averred that he did not attempt to sell the vehicle to anyone else. He stated that, after the sale, he went to the courthouse and transferred the title to himself. This evidence constitutes more than a scintilla of evidence that a public sale was not conducted, thereby violating the sale procedures in Section 70.006. *See Williams*, 2002 WL 31628017, at *3; *see also Villarreal v. Jimenez*, No. 04-15-00544-CV, 2016 WL 3625667, at *4 (Tex. App.—San Antonio July 6, 2016, no pet.) (mem. op.) (holding that a foreclosure was not by public sale); *In re Benites*, 2012 WL 4793469, at *5 (holding that a sale violated section 70.006(f) of the Property Code because it had the characteristics of a private sale when the vehicle was sold via an advertisement on craigslist to an individual who contacted the seller over the phone). Therefore, we conclude that Cox's testimony, in which he stated that he sold the vehicle to himself and did not attempt to sell the

vehicle to anyone else, presented more than a scintilla of evidence raising a genuine issue of material fact regarding Good Guys' Chapter 70 claim.

Because Good Guys raised a genuine issue of material fact sufficient to defeat AAMCO and Cox's no-evidence motion for summary judgment regarding its Chapter 70 claim, we must address AAMCO and Cox's traditional motion for summary judgment regarding that claim. *See Ford Motor Co.*, 135 S.W.3d at 600. In its traditional motion for summary judgment, AAMCO and Cox provide the elements of Chapter 70.006 of the Texas Property Code and explain how they met most of the elements as a matter of law, but they fail to address how the sale was a "public sale" in accordance with Chapter 70.006. Therefore, AAMCO and Cox failed to establish their right to summary judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Briggs v. Toyota Mfg. of Tex.*, 337 S.W.3d 275, 282 (Tex. App.—San Antonio 2010, no pet.) (requiring a movant to first establish its right to summary judgment as a matter of law). Further, Cox's testimony presents a fact issue as to whether the sale of the vehicle was a public sale. *See Briggs*, 337 S.W.3d at 282. Therefore, we conclude AAMCO and Cox failed to prove they were entitled to summary judgment as a matter of law on their Chapter 70 claim.

### CONCLUSION

We hold that Good Guys waived its complaints regarding the trial court's evidentiary rulings and whether there had been adequate time for discovery prior to the no-evidence summary judgment hearing. Because Good Guys' unconscionability claim was not properly addressed in AAMCO and Cox's motion for summary judgment, we reverse the trial court's judgment on this claim. Because more than a scintilla of evidence exists as to whether a public sale was conducted in accordance with section 70.006 of the Texas Property Code, we also reverse the trial court's

judgment on Good Guys' claim under section 70.006. We affirm the trial court's judgment on all other claims, and we remand for further proceedings consistent with this opinion.

Rebeca C. Martinez, Chief Justice